## In Re JOHN BELL.

### Division Two, January 31, 1893.

Criminal Law: MURDER: BAIL. The evidence examined and the application of the petitioner, charged with murder, for bail, denied.

*Habeas Corpus.*

BAIL DENIED.

*E. Y. Mitchell, J. B. Harrison* and *L. F. Parker* for petitioner.

(1) All persons are bailable, except for capital offenses, where the proof is evident or the presumption great. Constitution of 1875, art. 2, sec. 24. (2)

Murder in the second degree is not a capital offense. Revised Statutes, 1889, sec. 3461. (3) Murder in the second degree includes every offense which was murder at common law, not declared to be murder in the first degree by our statute. In other words, murder in the second degree is the intentional killing of a human being with malice aforethought, not committed by means of poison, or by lying in wait, or by any other kind of wilful, deliberate and premeditated killing, or in the perpetration or attempt to perpetrate a felony, etc. Revised Statutes, 1889, secs. 3459, 3460. As to the evidence necessary to establish murder in the first degree and that in the second, it may be stated as a fair summary of all the decisions in this state, that where the death of a human being by the intentional use of a deadly weapon at the hands of another is established, and nothing further, then the law presumes the offense to be murder in the second degree. *State v. Wilson*, 98 Mo. 440: *State v. Elliott*, 98 Mo. 150. (4) The evidence in this case fails to show deliberation and hence fails to make out a case of murder in the first degree and petitioner is therefore entitled to bail.

*R. F. Walker*, Attorney General, for the State.

GANTT, P. J.—The petitioner was charged with the murder of Elmer Hays, in Pulaski county, on November 30, 1892. He was arrested and a preliminary examination had before John McDonald, Esq., a justice of the peace, and was committed to jail to await the action of the grand jury, without bail. Application was made to the judge of the circuit court for bail and refused.

The case is submitted to us upon the evidence heard at the preliminary trial. The defendant there offered no evidence whatever. It would be unwise for

Yarnell v. The Kansas City, Fort S. & M. Ry. Co.

us to discuss the evidence in advance of a trial in the circuit court, and we simply decline bail upon the facts presented to us, because without any explanation or extenuation, we have arrived at the same conclusion, that the justice of the peace and circuit judge reached. Bail denied.   All concur.